UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 22-10108-FDS |
| | ) | |
| ANGELO DOMINIC LOMBARDO, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

SAYLOR, D.J.

WHEREAS, on January 8, 2025, the United States Attorney for the District of
Massachusetts filed a Two-count Superseding Information charging defendant Angelo Dominic
Lombardo (the "Defendant") with Conspiracy to Commit Sex Trafficking, in violation of 18
U.S.C. § 1594(c) (Count One), and Felon in Possession of a Firearm, in violation of 18 U.S.C.
§ 922(g)(1) (Count Two).

WHEREAS, the Superseding Information also included a forfeiture allegation, pursuant
to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), which provided notice that the United States
intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Count
One and Two of the Superseding Information, of any property, real or personal, that was
involved in, used, or intended to be used to commit or to facilitate the commission of such
offense, and any property traceable to such property; any property, real or personal, constituting
or derived from any proceeds obtained, directly or indirectly, as a result of such offense, or any
property traceable to such property. Such property specifically included, without limitation:

(a)    $3,310 in United States currency seized from the Defendant on or about
July 12, 2021;

1

      (b)      Taurus, Model PT 111, Millennium G2, 9mm semi-automatic pistol, bearing serial number TG058067; and

      (c)      20 rounds of 9mm ammunition,

(collectively, the "Properties");

WHEREAS, the Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraphs 2 above, pursuant to 21 U.S.C. § 853, as incoporated by 28 U.S.C. § 2461(c);

WHEREAS, on January 10, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Superseding Information, pursuant to a written plea agreement that he signed on January 10, 2025;

WHEREAS, in Section 7 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute, or are derived from, proceeds of Defendant's offense, and/or they were involved in or used to commit or to facilitate Defendant's offenses charged in Counts One and Two of the Superseding Information;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties is/are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

2

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as [to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ F. Dennis Saylor, IV

**F. DENNIS SAYLOR IV**
United States District Judge

Dated:  9/24/2025



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: *Melonie Cooke*
        **Deputy Clerk**

Date: 9/24/2025

5